[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12048
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2005
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 00-00387-CV-TMH-CSC
94-00114-CR-H-E

LESTER J. HOLSTICK,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 5, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Lester J. Holstick, a federal prisoner, appeals <u>pro se</u> the district court's

denial of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. After the district court denied the § 2255 motion, we granted a certificate of appealability on the following issue: "Whether the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address appellant's claim that the prosecutor improperly stated during closing argument that 'Lester Holstick took food off of the government witness Deloris Thomas children table'?"

The key question in this appeal is not whether the district court failed to address the claim set out in the COA, but whether the claim was actually raised before the district court at all. We conclude that Holstick has not demonstrated that he raised a separate prosecutorial misconduct claim before the district court. Accordingly the court did not err in failing to reach the claim.

Holstick filed his § 2255 motion and supporting memorandum pro se. In his motion, Holstick lists three grounds for relief: ineffective assistance of counsel, retroactive misjoinder, and the cumulative effect of counsel's errors. Doc. 1127 at 4. He does not list prosecutorial misconduct as a ground for § 2255 relief.

Section IV of Holstick's lengthy supporting memorandum is entitled: "Petitioner's Conviction and Sentence [are] Illegal Because He was Denied

2

Effective Assistance of Counsel as Guaranteed by the Sixth Amendment of the United States Constitution." Doc. 1128 at 8. Subsection (1) of Section IV is entitled: "Counsel Failed to Object to Prosecuto[r]ial Misconduct Before and During Trial." Doc. 1128 at 8. Within that subsection, Holstick attacks a number of acts by the prosecutor, including the prosecutor's statement during closing argument that Holstick "took food off of government witness Deloris Thomas children table." Doc. 1128 at 12. Immediately thereafter the memorandum talks about manipulating evidence and then states that Holstick was denied ineffective assistance of counsel because his counsel failed to investigate and because his counsel failed to interview the government's witnesses. Doc. 1128 at 13–14. Later in that subsection, Holstick says "if counsel had interviewed Deloris Thomas, counsel would have known that she was being forced to testify as to what ever the prosecutor wanted her to." Doc. 1128 at 15. Holstick then elaborated on counsel's duty of independent investigation.

Holstick's memorandum also includes an unnumbered section entitled "Prejudice from the ineffective." Doc. 1128 at 32. In that section, Holstick contends among other things that the prosecutor's statement about Thomas' children was prejudicial and "should have made [his] counsel ask for a mistrial." Doc. 1128 at 35. The discussions before and after this reference to Thomas

3

concern allegations of his counsel's failure to prepare and failure to object to the prosecutor's alleged misconduct.

The reference to taking food off the table of Thomas' children in the original memorandum in support of Hostick's § 2255 motion is most reasonably construed as presenting an ineffective assistance of counsel claim. That claim in turn is either based on a failure to object to prosecutorial misconduct or on a failure to prepare (through investigation and interviews) such that counsel was unaware of and unable to object to prosecutorial misconduct. The reference is not reasonably construed to include a prosecutorial misconduct claim. We recognize that Holstick does aver that the prosecutor's statement about Thomas' children was improper. We think, however, that Holstick had to make a case that the comment was improper in order to lay a foundation for his argument that his own counsel was ineffective for failing to object. These averments do not convert the ineffective assistance of counsel claim into a prosecutorial misconduct claim.

Holstick filed several additional pleadings and amendments, which sometimes mention the prosecutor's statement that Holstick took food away from Deloris Thomas' children. Those additional filings talk about the statement in passing and often mention both ineffective assistance of counsel and prosecutorial misconduct. Of course, that is not inconsistent with building a claim of ineffective

4

assistance of counsel based on a failure to object to prosecutorial misconduct.

The district court read Holstick's claim to allege ineffective assistance of counsel. Doc. 1443 at 5–7. It rejected that claim because Holstick offered only his conclusory assertions that any investigation would have been fruitful and because he could not demonstrate that he had been prejudiced. The district court did not read Holstick's pleadings to include a separate prosecutorial misconduct claim—the claim set out in the COA—and neither do we. Holstick does not point to, and we have not found, any indication in any amendment to his § 2255 motion and memorandum that he was raising a separate prosecutorial misconduct claim. Although we construe pro se pleadings liberally, we find no basis for a prosecutorial misconduct claim separate from the ineffective assistance of counsel claim. Because we find that Holstick never raised a distinct prosecutorial misconduct claim, the district court could not have erred by failing to address one.

**AFFIRMED.**